-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNEST E. ENGLISH JR.,

        Plaintiff,

-v-

(Mr. RON) SELLARS, of Chase Bank;
Mr. ROBERT E. RUBIN, Citigroup Bank;
J. P. MORGAN CHASE, JAMES DIMON;
(JOHN J. MACK) MORGAN STANLEY INC.;
ARTHUR F. SMITH JR. and
RBS DAIN RAUSCHER

        Defendants.

**DECISION and ORDER**
07-CV-6611L

---

## INTRODUCTION

Plaintiff Ernest E. English has filed this *pro se* action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, Mr. Ron Sellars of Chase Bank, Mr. Robert E. Rubin of Citigroup Bank, J. P. Morgan Chase James Dimon, John J. Mack of Morgan Stanley Inc., Arthur F. Smith Jr. and RBC Dain Rauscher, have violated his constitutional rights. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court and meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir.2000) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (Federal question jurisdiction exists where a well pleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'); *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). In addition, 28 U.S.C. § 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed because the Court does not have subject matter jurisdiction. Further, even if there were jurisdiction, the complaint would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

Plaintiff's complaint appears to allege that he has been deprived of control of assets in his name for the last twenty years and that business is being conducted in his name, through his parents. He makes reference to the New York State Mental Hygiene Law. He seems to argue that he has been deprived of his rights as a citizen and seeks to have this Court lift an Order pursuant to New York State Mental Hygiene Law Article 81 so that he can handle his business himself.

Article 81 of the New York State Mental Hygiene Law provides for the appointment of guardians to provide for the personal needs and/or management of the property of incapacitated persons. Here, plaintiff has failed to specifically allege any procedural or substantive Federal constitutional concern with how the Article 81 Order is being conducted in his case. He merely asserts that this Court has jurisdiction because "No person shall [be] deprived of life, liberty or property without due process of law". Plaintiff provides no facts on which this Court could determine that there may be a federal constitutional question related to his situation. Accordingly, this Court finds that it lacks subject matter jurisdiction over plaintiff's claim, and further, that plaintiff has failed to state a claim on which relief may be granted.

It is well established that "[w]here jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ; *see also* Fed.R.Civ.P. 12(b)(1) and 12(h)(3). Plaintiff's

complaint must therefore be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and further, for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Normally, a district court may not dismiss a complaint *sua sponte* unless the court first gives the plaintiff an opportunity to amend or correct the deficiencies of the complaint or unless the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915. However, the issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (citations omitted). Further, "a district court may dismiss a complaint for lack of subject matter jurisdiction where the allegations are totally implausible, attenuated and insubstantial." *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974). *See also, Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed above, the complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals

as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      01/17, 2008
            Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge